**Daniel MIRELES, Appellant,**

v.

**The STATE of Texas.**

**No. 172–98.**

Court of Criminal Appeals of Texas, En Banc.

June 2, 1999.

Richard L. Manske, El Campo, for appellant.

Robinson C. Ramsey, San Antonio, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

PER CURIAM.

Appellant was tried and convicted of capital murder under Art.19.03(a)(2), murder in the course of robbery. The jury assessed a life sentence. The Corpus Christi Court of Appeals found the evidence supporting "in the course of robbery" insufficient, and reversed and remanded for a new trial. *Mireles v. State,* No. 13–96–321–CR (Tex.App.—Corpus Christi October 30, 1997) (not designated for publication).

We granted the state's petition for discretionary review on the following grounds: (1) May a court of appeals reverse for factual insufficiency of the evidence without detailing the relevant evidence and clearly stating how the fact finder's verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust? (2) Is evidence factually insufficient to convict merely because the state did not disprove an "alternative hypothesis" of innocence? (3) Is an intermediate court authorized to substitute its judgment for that of the fact finder? (4) If a court of appeals finds that the evidence is factually insufficient to support a capital murder conviction, but factually sufficient to support a conviction for the lesser-included offense of murder, must there have been a jury instruction to authorize the court of appeals to reform the trial court's judgment to reflect a conviction for the lesser-included offense? [1]

Appellant argued to the Court of Appeals that the evidence was legally insufficient to sustain his conviction for murder in the course of robbery. The Court of Appeals disagreed, finding that the evidence was legally sufficient to sustain the conviction because there was "some evidence to support the jury's verdict." *Mireles v. State,* slip op. at 4–8. It then reviewed, as unassigned error, whether the evidence was factually sufficient to support the conviction. *Id.* at 8–9. Finding the evidence factually insufficient to support the conviction, it reversed appellant's conviction and remanded the cause for a new trial. *Id.* at 10.

As we have previously noted, the courts of appeals are constitutionally authorized "to determine if a jury finding is against the great weight and preponderance of the evidence." *Meraz v. State,* 785 S.W.2d 146, 154 (Tex.Crim.App.1990). This court has no jurisdiction to review *de novo* factual decisions of courts of appeals, as the Texas Constitution [2] "operates to limit our jurisdiction and confers conclusive jurisdiction on the courts of appeals to resolve questions of weight and preponderance of the evidence. . . ." *Id.; see also Cain v. State,* 958 S.W.2d 404, 408 (Tex. Crim.App.1997) (inability of Court of Criminal Appeals to decide questions of fact precludes *de novo* review of courts of appeals' factual decisions). However, we do have jurisdiction to determine whether a court of appeals applied the correct rule of law in its factual-sufficiency analysis. *Cain v. State,* 958 S.W.2d at 408.

In *Clewis v. State,* 922 S.W.2d 126 (Tex. Crim.App.1996), we set out the standards that courts of appeals should use in evaluating the evidence: 1) View all the evidence without the prism of "in the light most favorable to the prosecution," and 2) set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d at 134; *see also Cain v. State,* 958 S.W.2d 404, 407

---

**1.** In its petition, the state groups the first three questions as "factual sufficiency of evidence," and numbers them 1.1, 1.2, and 1.3. It then labels the last question as "reformation of judgment" and numbers it 2. To simplify, we have renumbered these questions 1 through 4.

**2.** Tex. Const. art. V, § 6.

(Tex.Crim.App.1997). They should also "detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient ... as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias. Further, [they] should state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Clewis v. State*, 922 S.W.2d at 135 (citation omitted); *see also Cain v. State*, 958 S.W.2d at 407.

In its review of legal sufficiency, the Court of Appeals noted that the state had relied on the testimony of four witnesses to prove that the murder was committed in the course of robbery. *Mireles v. State*, slip op. at 2–4. It then briefly summarized the testimony, which it characterized as "confusing and contradictory at best." *Id.* at 8–10. In its factual-sufficiency review, it simply made the conclusory assertion that "the testimony ... falls far short of establishing the formation of appellant's intent to take [the victim's] wallet prior to or contemporaneously with the murder. We conclude the evidence was factually insufficient for any rational trier of fact to conclude that the intent to commit robbery was the reason for the murder or that appellant developed such intention during the course of the murder." *Id.* at 10.

Clearly, the Court of Appeals did not follow the procedures mandated for a factual-sufficiency review. While it summarized the evidence, it did not state clearly how the testimony "falls far short" of establishing intent. Its statement concerning the factual insufficiency of the evidence as regards "any rational trier of fact" is confusing and not in conformity with the procedures mandated by *Clewis*. The language used suggests that the court has confused the standards for review of factual and legal sufficiency. *See Clewis v. State*, 922 S.W.2d at 132–133 (differentiat-

ing between legal sufficiency and factual sufficiency). Finally, the court did not state clearly why the jury's finding was factually insufficient so as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. These requirements are important because they "help ensure that the factfinder is given the appropriate deference and that the defendant's right to trial by jury remains inviolate." *Clewis v. State*, 922 S.W.2d at 136. The state's first ground for review is sustained.

Based on the foregoing, the judgment of the Court of Appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.[3]

MANSFIELD and WOMACK, JJ., filed dissenting opinions.

MANSFIELD, J., delivered the dissenting opinion.

I agree with the opinion of the Court that the judgment of the Court of Appeals be reversed. However, because I would affirm the judgment of the trial court, I must respectfully dissent.

We established, in *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996), standards that a court of appeals must apply to an allegation that the evidence is factually insufficient to support the conviction being appealed.

"The historical safeguards of the 'inviolate' right to trial by jury are found in the deferential standards of review applied and the prohibition against rendition of judgment upon a factual insufficiency point. Appellate courts should only exercise their fact jurisdiction to prevent a manifestly unjust result; ... those courts 'are not free to reweigh the evidence and set aside a jury verdict merely because the judges feel that a different result is more reasonable'." *Clewis, supra*, at 135; citing

---

**3.** Based on our disposition of the state's first ground for review, it is unnecessary for us to review the remaining grounds. Therefore,

grounds two, three and four are dismissed as improvidently granted. *See* Tex.R.App. P. 69.3.

*Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634 (Tex.1986).

Turning to the instant case, in order to convict appellant of capital murder, the State was required to prove, beyond a reasonable doubt, that appellant committed murder in the course of committing (or attempting to commit) robbery. *Tex. Penal Code,* § 19.03(a)(2). The State offered the testimony of four witnesses. One of those witnesses, Camacho, testified appellant showed her, the day after the murder, the victim's body and also showed her the victim's wallet and identification papers, which appellant had in his possession. Other witnesses testified appellant told them he had murdered the victim by shooting him at close range and had taken the victim's wallet. This testimony supports the jury's finding that the murder was committed in the course of a robbery.

The Court of Appeals, apparently, chose to disbelieve testimony as to the robbery. Instead, it chose to believe other testimony that the victim owed appellant money and concluded appellant killed the victim out of anger because of the victim's unwillingness to satisfy the debt he owed appellant. Thus, the murder was not committed in the course of robbery and, therefore, was not a capital murder.

The standards set forth in *Clewis,* however, do not authorize the Court of Appeals to reverse a conviction, on factual insufficiency grounds, where there is evidence supporting the jury's verdict *merely* because there is other evidence tending to support an alternative finding. Reversal on factual sufficiency grounds is authorized only where the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. While reasonable persons may disagree with the jury's verdict in the present case, *Clewis* requires more than simple disagreement, in order to minimize infringement on the jury's role in our system of criminal justice. The Court of Appeals, in my opinion, was not authorized to reverse appellant's conviction on factual insufficiency grounds under *Clewis* as it

does not show why said conviction was "manifestly unjust," "demonstrates bias," or "shocks the conscience."

Accordingly, I would reverse the judgment of the court of appeals and would affirm the judgment of the trial court. I respectfully dissent.

WOMACK, J., filed a dissenting opinion.

I believe that the Court's decision to reverse the Court of Appeals' judgment because its conclusion was "conclusory" and its reasoning was "confusing" (*ante* at 150) violates the constitutional mandate that "the decision of [courts of appeals] shall be conclusive on all questions of fact brought before them on appeal or error." Texas Constitution, article V, § 6.